CONQUEROR TRUST COMPANY *v.* COXSEY.

Opinion delivered February 1, 1932.

*L. S. Dewey,* for appellant.

*Festus O. Butt,* for appellee.

KIRBY, J., (after stating the facts). Our statutes provide the procedure for the removal of property of a nonresident ward from this State, where the guardian and ward are both nonresidents. Sections 5054-5057, Crawford & Moses' Digest. The first of said sections provides that, ''on producing satisfactory proofs to the court of probate of the proper county according to law that he has given bond or security in the State in which he and his ward reside, in double the amount of the value of the property as guardian, then such guardian may demand or sue for and remove any such property to the place of residence of himself and ward.'' The undisputed testimony in this case shows that the appellant company had given bond on its appointment as curator by the probate court of Jasper County, Missouri, where it was appointed, in the amount of 125 per cent. of the estimated value of the ward's estate, the amount required given by the laws of Missouri; and also the value of the assets of the appellant trust company were shown to be about $8,000,000. It was contended, however, that it had not given bond or security in the State in which it and its ward reside ''in double the amount of the value of the property,'' as our statute requires should be done before

application of removal of a ward's estate from this State is granted.

The testimony relative to the improvident management and loss of some of her own estate by the ward's mother by her management of it could not have effect to show that the Missouri curator would not control, conserve and manage the estate of the ward properly, in accordance with the laws of the State of its appointment and the minor ward's residence, and this testimony should not have been admitted.

Since, however, bond in the amount required by our statute was not made by appellant curator upon its appointment, its application for removal of the ward's property from this State to her residence in Missouri was properly rejected by the court, and, even though the bond had been regularly made, the court's refusal to make the order of removal could not be held to be arbitrary and not made because the court was not satisfied that it was for the best interest of the ward that such removal should not take place, the law allowing the court such discretion, and there appearing to be no abuse of this discretion. Section 5056, Crawford & Moses' Digest.

We find no error in the record, and the judgment must be affirmed. It is so ordered.